## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINETTE RICHARDSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BARBARA FOREST** | : | **NO. 17-303** |
| **JUDGE JOSEPH L. FERNANDES** | : | |

FILED

FEB - 8 2017

KATE BARKMAN, Clerk
By _____ Dep. Clerk

### MEMORANDUM

**PRATTER, J.**                                                    **FEBRUARY  , 2017**

In this civil action, plaintiff Antoinette Richardson challenges the termination of her parental

rights in 2014 by a state judge. For the following reasons, the Court will grant Ms. Richardson

leave to proceed *in forma pauperis* and dismiss her complaint.

### I.    FACTS[1]

Ms. Richardson alleges that her parental rights were illegally terminated in Family Court by

Judge Joseph L. Fernandes on September 3, 2014. Ms. Richardson alleges that she did not learn

that her rights were subject to termination until she appeared for court on that date because

Barbara Forest, an employee of the Philadelphia Department of Human Services, failed to

provide proper notice. Ms. Richardson also alleges that the judgment terminating her rights is

improper and/or illegal in various respects. In particular, she alleges that the judge was biased,

that the judgment relied on hearsay evidence, and that she was not given a "fair trial."

Based on those allegations, Ms. Richardson appears to be raising constitutional claims

pursuant to 42 U.S.C. § 1983, and state tort claims against Judge Fernandes and Ms. Forest. She

---

[1] Ms. Richardson filed this action using two form complaints, one for a civil rights case and one
for a civil case alleging negligence. The Court will consider the two complaints as one pleading.

1

asks this Court to vacate the "false judgment and order" and return her child to her. She also seeks damages.

## II.     STANDARD OF REVIEW

The Court will grant Ms. Richardson leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. As Ms. Richardson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds, Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). As Ms. Richardson is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III.     DISCUSSION

Pursuant to the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild, LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (quotations omitted). Here, Ms. Richardson, who lost in state court, filed this action seeking reversal of the state court's judgment because the state court's ruling allegedly

2

violated her constitutional rights. Accordingly, Ms. Richardson's claims fall within the *Rooker-Feldman* doctrine and will be dismissed for lack of subject matter jurisdiction.

In the event any of Ms. Richardson's claims do not fall within *Rooker-Feldman*, they fail for other reasons. The statute of limitations governing Ms. Richardson's state and federal claims is two years. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The limitations period began running when Ms. Richardson "knew or should have known of the injury upon which [her] action is based." *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). Here, it is apparent that Ms. Richardson knew of the injuries giving rise to her claims on September 3, 2014, when her parental rights were terminated. However, she did not file this action until January 20, 2017, more than two years after her claims accrued. Accordingly, it is apparent that her claims are time-barred. Furthermore, Judge Fernandes is absolutely immune from Ms. Richardson's claims, all of which are based on Judge Fernandes's judicial acts. *See Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000); *Langella v. Cercone*, 34 A.3d 835, 838 (Pa. Super. Ct. 2011).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint. Ms. Richardson will not be given leave to file an amended complaint because amendment would be futile, as she cannot cure the defects in her claims. The motion to recuse that Ms. Richardson filed with her complaint, which asks Judge Fernandes to recuse himself from her case, is denied. An appropriate order follows.

3